## Troutman v. Wagner

*Henry J. Sommer*, for petitioner; *Miles I. Potter*, for sheriff, contra.

LESHER, P. J., July 25, 1933.—The above-named Harvey N. Troutman and H. W. Troutman, executors of the estate of William Troutman, deceased, caused a writ of fi. fa. to be issued on the above-stated judgment and placed the same in the hands of Carl E. Runkle, Sheriff of Snyder County, Pa. The sheriff, by virtue of said writ of execution, levied upon certain goods and chattels in the possession of the defendant, A. H. Wagner.

Blanche M. Wagner, wife of the above-named defendant, served a notice on the said Carl E. Runkle, sheriff, that certain of the goods and chattels levied upon in said notice set forth were not the property of the defendant, A. H. Wagner, but were the property of the claimant, Blanche M. Wagner.

The sheriff, on April 12, 1933, filed a petition in the Court of Common Pleas of Snyder County setting forth the facts and praying that an issue be framed between the claimant and other parties in interest to determine the ownership of said goods and chattels, according to the Interpleader Act of June 22, 1931, P. L. 883.

This petition was not presented to the court for a rule, but the sheriff filed a præcipe directing the prothonotary to enter a rule on Blanche M. Wagner to show cause why the interpleader should not be granted according to the prayer of the said petition.

Ira Lose, Prothonotary of Snyder County, by virtue of the said præcipe, issued a rule on said claimant, Blanche M. Wagner, returnable in 10 days.

Blanche M. Wagner, on April 17, 1933, presented a petition to court for a rule to show cause why the aforesaid rule for interpleader issued out of the office of the prothonotary as a matter of course should not be quashed, and a rule was granted by the court on the same day.

In a sheriff's interpleader proceeding, must a petition be presented to the court by the sheriff and a rule to show cause why an issue should not be framed to determine the ownership of the property be granted by the court?

The contention on the part of the sheriff is that under the Interpleader Act of 1931 the sheriff is entitled to a rule as a matter of right, and the same, upon petition setting forth the facts, will be properly issued upon præcipe by the prothonotary.

It has been the practice in Union County, which is one of the counties in this judicial district, at least during the 20 years the present incumbent on the bench practiced law, to proceed by petition to the court of common pleas and have the rule granted by the court, we are advised that that has always been the practice in Snyder County, and the court is of the opinion that this perhaps is the better practice.

The question now before the court is whether or not the sheriff was without authority to issue a rule as of course on præcipe, or was he bound to petition the court to award the same?

The Interpleader Act of 1931, sec. 1, provides:

"That whenever tangible goods or chattels have been levied upon or seized by the sheriff of any county under any execution or process, except an attachment sur judgment, issued out of any court of this Commonwealth, and the sheriff has been notified that said goods and chattels, or any part of them, belong to any person or persons other than the defendant or defendants in said execution or process, said sheriff or claimant may enter a rule in the court out of which the senior execution or process issued on the persons making adverse claims thereto to show cause why an issue should not be framed to determine the ownership of said goods and chattels . . ."

This part of the act is practically the same as the Interpleader Act of May 26, 1897, P. L. 95. The above-stated act directs that, in the event the sheriff has been notified that any of the goods or chattels levied upon by him is the property of any other person, he may enter a rule in the court out of which the execution process issued.

The act of assembly fails to direct the procedure, and the court feels that the rule is a matter of right, since the Interpleader Act is passed for the protection of the sheriff, and especially in the light of section 15 of the Interpleader Act of 1931, which provides that if the sheriff shall comply with the provisions of this act he shall be free from all liability to the claimant, the plaintiff and defendant in the execution, the person found in possession of the goods and chattels levied upon and seized, and every other person who has actual or constructive notice of such levy or seizure, prior to the sale of the goods and chattels.

The rules of court are silent as to the manner of procedure for the purpose of securing a rule, and since the act of assembly and rules of court fail to provide the procedure for the obtaining of the rule and the wording of the act of assembly appears to be to the effect that the sheriff may enter a rule in the court out of which the execution process issued, the court is of the opinion that if the sheriff saw fit to follow that course of procedure, although contrary to the regular practice in this court, he was within his rights under the law: Walker v. Christner, 19 Dist. R. 540.

Therefore, the rule to show cause why the interpleader should not be quashed, must be dismissed.

And now, July 25, 1933, the rule to show cause in this case is dismissed at the costs of the petitioner, the claimant, Blanche M. Wagner, to have 10 days from the time of notice of the filing of this opinion in which to file an answer to the rule for interpleader. An exception is allowed the petitioner, Blanche M. Wagner, and a bill is sealed.

From A. Francis Gilbert, Middleburg, Pa.